## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN P. GALLAGHER, | ) |
| | ) |
| Plaintiff, | )     Civil Action No. _____ |
| | ) |
| v. | ) |
| | ) |
| E. I. DU PONT DE NEMOURS AND | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

### NOTICE OF REMOVAL

TO:    THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1441, Defendant E. I. du Pont de Nemours and Company ("DuPont"), with full reservation of all rights and defenses, hereby removes the above-captioned action from the Superior Court of the State of Delaware in and for New Castle County, to the United States District Court for the District of Delaware.  In support of removal, Defendant alleges as follows:

### Basis for Removal Jurisdiction

1.     This action is a civil action of which this Court has original jurisdiction under 29 U.S.C. § 1001 et seq, and is one which may be removed to this Court as a matter of right by Defendant pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action arising under and relating to an employee benefits plan within the meaning of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq , (the "ERISA Plan") and therefore invoking this Court's original jurisdiction.

2.    Each of the causes of action asserted in the Complaint arise out of and relate to the payment of severance benefits under the DuPont Career Transition Program and The Career Transition Financial Assistance Plan, a welfare plan subject to the Employee Retirement Income Security Act of 1974 (ERISA), and therefore are properly subject to federal question jurisdiction.  As required by 28 U.S.C. § 1446(a), copies of the process, the Complaint, and all other documents filed by Plaintiff in the Superior Court are attached hereto as Exhibit 1.

### Timeliness of Removal

3.    DuPont was served with the summons and complaint on December 27, 2006. This Notice of Removal is filed within thirty (30) days of that receipt and is thus timely filed under 28 U.S.C. § 1446(b).

### Joinder of All Defendants in Removal

4.    DuPont is the only named defendant.

### Notice to the Superior Court

5.    A true and correct copy of this Notice of Removal has been contemporaneously filed with the Superior Court in New Castle County, and copies have been served upon the plaintiff.

6.    No prior application for the same or similar relief has been made to this or to any other court.

WHEREFORE, Defendant E. I. du Pont de Nemours and Company respectfully requests that this action now pending in the Superior Court of the State of Delaware in and for New Castle County be removed therefrom to this Court, and that this action be placed upon the docket

of this Court for further proceedings, as though this action originally had been instituted in this
Court.

POTTER ANDERSON & CORROON LLP

By: _____
Kathleen Furey McDonough (I.D. 2395)
Sarah E. DiLuzio (I.D. 4085)
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
Telephone: (302) 984-6000
Telefax: (302) 658-1192
kmcdonough@potteranderson.com
sdiluzio@potteranderson.com

*Attorneys for Defendant*
*E. I. du Pont de Nemours and Company*

Dated: January 25, 2007
771179

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2007, two true and correct copies of the

foregoing Notice of Removal were served by the manner indicated on the following:

By Hand

Gary A. Bryde, Esquire
Stone Mill Office Park
724 Yorklyn Road, Suite 100
Hockessin, DE 19707


By Hand

Charles Gruver, III, Esquire
Stone Mill Office Park
724 Yorklyn Road, Suite 315
Hockessin, DE 19707


Kathleen Furey McDonough (ID No. 2395)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19899
(302) 984-6000
kmcdonough@potteranderson.com

# EXHIBIT 1

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| JOHN P. GALLAGHER,        ) | |
| )  | C.A. NO. |
| Plaintiff,     ) | |
| )  | NON-ARBITRATION |
| v.       ) | |
| )  | JURY OF TWELVE DEMANDED |
| E. I. DUPONT DE NEMOURS AND CO.    ) | |
| )  | |
| Defendants.     ) | |

## COMPLAINT

Plaintiff John P. Gallagher, ("Gallagher"), by his undersigned counsel, as and for his Complaint herein alleges, upon knowledge as to himself and his actions, and upon information and belief as to all other matters, as follows:

### Nature of Action

1.     This is an action for specific performance, breach of contract, and a claim for wages under the Wage Payment and Collection Act, 19 Del. C. §1101 *et seq.*, or in the alternative, Title 43 of the Pennsylvania Code Section 260.1 *et seq.*, all to enforce their terms of an agreement between Gallagher and defendant E. I. du Pont de Nemours & Co. ("DuPont").

2.     Specifically, Gallagher seeks to compel DuPont to honor its agreement with him which induced Gallagher to remain in the employ of DuPont for an additional period of time rather than taking retirement and receiving benefits afforded other similarly situated employees.

### The Parties

3.     Plaintiff Gallagher, spent his entire working career working for defendant DuPont in the chemical industry.

-1-

4.      Gallagher began his career with DuPont on January 19, 1970 after having graduated from Villanova University with a degree in chemistry. He was initially assigned to work at DuPont Marshall Lab in Philadelphia, Pennsylvania as a chemist. In 1974, he was promoted to Research Chemist and in 1977, became a Research Supervisor. After another promotion in 1985, Gallagher moved to DuPont Valencia, Venezuela where he was a Technical Superintendent. Four years later, in 1989, he was transferred as a Senior Research Supervisor to the DuPont Troy Lab in Michigan, then, in 1993, he was transferred back to the Marshall Lab at the same level. While at Marshall, in 2002, Gallagher was promoted to a Development Fellow, his position at retirement.

5.      Defendant DuPont is a Delaware corporation. DuPont's registered agent for service of process in Delaware is E. I. DuPont de Nemours & Company, 1007 Market Street, D-4076, DuPont Legal, Wilmington, DE 19898 - (302) 773-3537.

### The Career Transition Program

6.      On or about January 23, 2004, defendant DuPont produced a Pension Estimate Package specific to Gallagher and caused it to be delivered to him. This document was an explanation of the benefits to be afforded under the described Career Transition Program, "CTP".

7.      Under the CTP, Gallagher's average monthly compensation for computation of benefits was $10,821.11.

8.      The CTP provided that a participant would receive one month's pay for every two years of service with DuPont, up to a maximum of 12 months' pay.

9.      In the case of Gallagher, he would have qualified for the maximum twelve (12) months.

10.     Based upon Gallagher's years of service and income levels, according to the January 23, 2004 DuPont Connection CTP printout, Gallagher's estimated total CTP payment would have

-2-

been $148,632.00.

### Events Leading to the Controversy

11.    The allegations set forth in paragraphs 1 through 10) above are incorporated by reference as if fully restated herein.

12.    In April of 2004, Gallagher decided to accept the CTP and so notified Defendant.

13.    Gallagher was informed by his immediate supervisor, Stacy Balderson, that he was too valuable to the project he was working on (the "Project") to be allowed to take the CTP.

14.    The project was for database improvement using new technology for color formulation in the automotive refinishing industry.

15.    Shortly after being rejected for the CTP, Gallagher learned that others similarly situated in the DuPont laboratory located in Troy, Michigan were being allowed to train their replacements and then participate in the CTP. Gallagher's subsequent request to remain employed for a sufficient time to train his replacement was denied.

16.    In a letter to a Vice President of DuPont, Edward Donnelly, Gallagher pointed out the disparate treatment and its inherent unfairness. Stacy Balderson assisted Gallagher with the content of this letter.

17.    As a result of the letter to Donnelly, Gallagher was told to meet with Martin Breucher ("Breucher"), the director of the Marshall Lab where Gallagher worked.

18.    The meeting was convened in June of 2004. During the meeting, Breucher told Gallagher that if he stayed, he would receive a substantial cash award and that he "would be taken care of."

19.    In reliance upon the representations made by Breucher, Gallagher elected not to

-3-

simply retire but remained in the employ of DuPont until December 31, 2005 for a 20 month period.

20.    Gallagher subsequently learned in February of 2005 that his performance rating had been lowered even though in the same month, management had encouraged him to apply for a global management position.

21.    In May of 2005, Gallagher received his annual salary increase which was lower than it would have otherwise been because of the reduced performance rating.

22.    The promise that "we will take care of you" was reiterated in a letter from Gallagher to Breucher which expressed dissatisfaction that Gallagher was denied the opportunity to participate in the CTP because of his value, yet Gallagher was being treated poorly for remaining employed to complete the Project.

23.    Notwithstanding the lowered performance rating, in July of 2005, Gallagher was selected to receive a DuPont Engineering Excellence Award for a project involving the processes for making color formulas.

24.    A younger, and on information and belief, less qualified employee was selected for the global management position in September 2005.

25.    Gallagher's plan to retire at the end of 2005 was announced in October 2005.

26.    On December 31, 2005, Gallagher, without explanation, received approximately $30,000.00 as an award for the Project which saved DuPont millions of dollars.

27.    Gallagher was subsequently informed by Breucher that this award was for the Project and that "that was it."

28.    The $30,000.00 award was in line with other typical project awards and, on

-4-

information and belief, at least one other employee received an award for the completion of the Project while that employee worked under Gallagher.

29.    Gallagher received no additional compensation of any kind electing to continue to work for DuPont for an additional twenty (20) months to complete the Project in lieu of being allowed to participate in the CTP and therefore he was denied the sum of $148,642.00.

## COUNT I

### (Breach of Contract)

30.    Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

31.    Gallagher was promised that if he remained in the employ of Defendant in lieu of participating in the CTP, he would be taken care of.

32.    The clear message and promise of Breucher was that Gallagher would, upon completion of the project, receive compensation commensurate with what Gallagher would have otherwise received under the CTP.

33.    After inquiry by Gallagher, Breucher confirmed that no additional compensation was to be forthcoming.

34.    DuPont's refusal and failure to pay Gallagher additional compensation is in direct contradiction with the terms of the June 2004 promise and agreement and is a breach of that expressed agreement.

## COUNT II

-5-

### (Breach of Covenant of Good Faith and Fair Dealing)

35.    Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

36.    DuPont was and is obligated to act in good faith and deal fairly with Gallagher.

37.    DuPont's refusal to honor Breucher's promise to compensate Gallagher in accordance with the monetary value of the  benefits he would have received under the CTP is a breach of DuPont's obligations of good faith and fair dealing.

### COUNT III

### (Misrepresentation)

38.    Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

39.    Representatives of DuPont represented to Gallagher, prior to his retirement, that upon his retirement he would be compensated in a manner such that he would not be penalized for continuing his employment rather than being allowed to participate in the CTP.

40.    DuPont has failed to honor its agreement.

41.    Upon information and belief, Breucher, the representative of DuPont, failed to tell Gallagher that DuPont might not honor the agreement to compensate Gallagher in a manner such that he would not be penalized for completing the Project rather than participate in the CTP.

42.    Upon information and belief, Breucher, the representative of DuPont, knew or should have known that his representations that he would "take care of" Gallagher with the clear implication that future additional compensation would be equivalent to the CTP benefits were false and would induce Gallagher to continue to work and complete the Project.

43.    The representations of DuPont were relied upon by Gallagher to his detriment as he did not retire but, instead, continued to work to complete the Project.

44.    Gallagher's reliance was justifiable due to the relationship he had established with DuPont and DuPont's representatives over his many years of service.

45.    The representations by Breucher, as representative of DuPont, were false since DuPont failed to honor Breucher's promises and to compensate Gallagher in accordance with the monetary value of the benefits he would have received under the CTP.

46.    DuPont has refused to honor Breucher's promises and agreement.    If such misrepresentations to Plaintiff are found to be fraudulently made, Plaintiff should be entitled to punitive damages as a result.

## COUNT IV

### (Violation of the Wage Payment and Collection Act, 19 Del. C. §1101 *et seq.*)

47.    Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

48.    The promises and agreement by Breucher to and with Gallagher for compensation to Gallagher as previously set forth are defined in and covered by the Delaware Wage Payment and Collection Act, 19 Del. C. §1101 *et seq.* (the "Act") as this additional compensation would have been wages as defined in the Act.

49.    DuPont failed to pay Gallagher the additional wages as agreed.

50.    DuPont's violation of the Act was intentional, calculated, and deliberate.

51.    Under §1103 (b) of the Act, Gallagher is entitled to double the compensation that he wrongfully failed to receive commensurate with the CTP.

52.  Under §1103 (b) of the Act, Gallagher is entitled to recover his attorneys' fees incurred as a result of DuPont's actions.

## COUNT V

### In The Alternative, Violation of the Pennsylvania Wage Payment and Collection Law.

### Title 43, Pennsylvania Code, Section 260.1

53.  Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

54.  In the alternative, if it is determined that the Delaware Wage Payment and Collection Act does not control, then the promises and agreement by Breucher to and with Gallagher for compensation to Gallagher as previously set forth are defined in and covered by the Pennsylvania Wage Payment and Collection Law, Title 43 of the Pennsylvania Code, Section 260.1 *et seq.* (The "Pennsylvania Act") as this additional compensation would have been wages and/or fringe benefits or wage supplements as defined in the Pennsylvania Act.

55.  DuPont failed to pay Gallagher the additional wages as agreed.

56.  DuPont's violation of the Pennsylvania Act was intentional, calculated, and deliberate.

57.  In addition, under Section 260.10 of the Pennsylvania Act, Gallagher is entitled to liquidated damages in an amount equal to twenty-five percent (25%) of the compensation that he wrongfully failed to receive commensurate with the CTP.

58.  Under Section 260.9 a (f) of the Pennsylvania Act, Gallagher is entitled to recover his reasonable attorneys' fees incurred as a result of DuPont's actions.

**WHEREFORE**, plaintiff demands judgment against DuPont as follows:

-8-

a.    The sum of $148,632.00; and,

b.    The sum of $148,632.00, as liquidated damages pursuant to 19 Del.

C. §1103(b); or, in the alternative, twenty-five percent (25%) of the

sum of $148,632.00; and,

c.    Punitive damages; and,

d.    Attorneys fees pursuant to 19 Del. C. §1113; or, in the alternative,

attorneys fees pursuant to Title 43 of the Pennsylvania Code Section

260.9 a (f); and,

e.    Prejudgment and post-judgment interest at the legal rate; and,

f.    Costs of the action.


**GARY A. BRYDE, P.A.**

By:    */s/ Gary A. Bryde* _____
Gary A. Bryde (DE Bar No. 620)
Jonathan Layton (DE Bar No. 3646)
Stone Mill Office Park
724 Yorklyn Road, Suite 100
Hockessin, DE 19707
*Attorneys for Plaintiff*


**CHARLES GRUVER III, P.A.**

By:    */s/ Charles Gruver, III* _____
Charles Gruver, III (DE Bar No. 433)
Stone Mill Office Park
724 Yorklyn Road, Suite 315
Hockessin, DE 19707
*Attorneys for Plaintiff*

Dated: 20th day of December 2006

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JOHN P. GALLAGHER | : | C.A. No. |
| | : | |
| Plaintiff, | : | NON-ARBITRATION CASE |
| v. | : | |
| | : | TRIAL BY JURY OF 12 |
| | : | DEMANDED |
| E. I. DUPONT DE NEMOURS AND CO. | : | |
| | : | |
| Defendants. | : | |

## SUMMONS

**TO:   THE SHERIFF OF NEW CASTLE COUNTY,
YOU ARE COMMANDED:**

To summon the above named defendant so that within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon GARY A. BRYDE, ESQUIRE, plaintiffs' attorney, whose address is Stone Mill Office Park, 724 Yorklyn Road, Suite 100, Hockessin, DE 19707, an Answer to the Complaint, and, if an Affidavit of Demand has been filed, an Affidavit of Defense.

To serve upon defendant a copy hereof, of the Complaint and of the Affidavit of Demand, if any has been filed by plaintiff.

Dated:

*Sharon Agnew*
*Prothonotary*

_____

*Per Deputy*

**TO THE ABOVE NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint, and, if an affidavit of demand has been filed, an affidavit of defense, judgment by default will be rendered against you for the relief demanded in the complaint, or in the affidavit of demand, if any.

*Sharon Agnew*
*Prothonotary*

*Per Deputy*

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JOHN P. GALLAGHER, | ) | |
| | ) | C.A. NO. |
| Plaintiff, | ) | |
| | ) | NON-ARBITRATION |
| 5. | ) | |
| | ) | JURY OF TWELVE DEMANDED |
| E. I. DUPONT DE NEMOURS AND CO. | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATION OF VALUE

The undersigned counsel for plaintiff hereby certifies that the damages claimed, exclusive of costs and interest, exceed one hundred thousand ($100,000.00) dollars.

**GARY A. BRYDE, P.A.**

By:    */s/ Gary A. Bryde*
Gary A. Bryde (DE Bar No. 620)
Stone Mill Office Park
724 Yorklyn Road, Suite 100
Hockessin, DE 19707
*Attorneys for Plaintiff*

**CHARLES GRUVER, III, P.A.**

By:    */s/ Charles Gruver, III, P.A.*
Charles Gruver, III, (DE Bar No. 433)
Stone Mill Office Park
724 Yorklyn Road, Suite 100
Hockessin, DE 19707
*Attorneys for Plaintiff*

Date: 20th day of December, 2006

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| JOHN P. GALLAGHER | : | C.A. No. |
| | : | |
| Plaintiff, | : | NON-ARBITRATION CASE |
| v. | : | |
| | : | TRIAL BY JURY OF 12 |
| | : | DEMANDED |
| E. I. DUPONT DE NEMOURS AND CO. | : | |
| | : | |
| Defendants. | : | |

### PRAECIPE

TO:   Clerk of Court/Prothonotary
      Superior Court
      500 North King Street
      Wilmington, DE 19801

**PLEASE ISSUE SUMMONS** to the Sheriff of New Castle County to serve the attached

Summons and Complaint upon defendants as follows:

1.   Registered Agent
     E. I. DuPont de Nemours & Company
     1007 Market Street, D-4076
     DuPont Legal
     Wilmington, DE 19898

### LAW OFFICES OF GARY A. BRYDE, P.A.

/s/ Gary A. Bryde
Gary A. Bryde, Esquire (Bar I.D. 620)
Stone Mill Office Park
724 Yorklyn Road, Suite 100
Hockessin, DE 19707
(302) 239-3700

*Attorney for Plaintiffs*

CHARLES GRUVER, III, P.A.

*/s/ Charles Gruver. III*
Charles Gruver. III (DE Bar No. 433)
Stone Mill Office Park
724 Yorklyn Road, Suite 315
Hockessin, DE 19707
*Attorneys for Plaintiff*

Dated: 20th day of December 2006

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

JOHN P. GALLAGHER

## DEFENDANTS

E. I. DU PONT DE NEMOURS AND COMPANY

**(b)** County of Residence of First Listed Plaintiff _New Castle County_
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _New Castle County_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

| | |
|---|---|
| Gary A. Bryde, Esquire (#620) | Charles Gruver, III, PA (#433) |
| Gary A. Bryde, P.A. | Charles Gruver, III, Esquire |
| Stone Mill Office Park | Stone Mill Office Park |
| 724 Yorklyn Road, Suite 100 | 724 Yorklyn Road, Suite 100 |
| Hockessin, DE 19707 | Hockessin, DE 19707 |

Attorneys (If Known)

Kathleen Furey McDonough, Esquire (#2395)
Potter Anderson & Corroon LLP
P.O. Box 951
Wilmington, DE 19899      (302) 984-6032

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                               and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | **PERSONAL INJURY** | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 362 Personal Injury— Med. Malpractice | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| | [ ] 340 Marine | [ ] 365 Personal Injury— Product Liability | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | [ ] 891 Agricultural Acts |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 892 Economic Stabilization Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 893 Environmental Matters |
| | | [ ] 380 Other Personal Property Damage | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | [ ] 385 Property Damage Product Liability | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 950 Constitutionality of State Statutes |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | Habeas Corpus: | [x] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 890 Other Statutory Actions |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 535 Death Penalty | | | |
| [ ] 290 All Other Real Property | | [ ] 540 Mandamus & Other | | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1  Original Proceeding
- [x] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Claim under 29 U.S.C. § 1001 et seq.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE
01/25/2007

SIGNATURE OF ATTORNEY OF RECORD
_Kathleen Furey McDonough_   DE ID #2395

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

      **(b.) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

      **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ **0 7 - 4 7** _____

## ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_l|25/07_____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____ Dustin Frohlich_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action