IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN P. GALLAGHER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 07-47 (JJF) |
| E. I. DU PONT DE NEMOURS AND COMPANY, | ) ) ) |
| Defendant. | ) ) |

## ANSWER TO COMPLAINT

Defendant E. I. du Pont de Nemours and Company ("DuPont") hereby responds to the Complaint filed in the above captioned matter as follows:

### Nature of Action

1. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

2. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

### The Parties

3. DuPont is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. By way of further response, DuPont states that Plaintiff was employed by DuPont from January 19, 1970 through December 31, 2005.

4. DuPont is without knowledge or information sufficient to form a belief as to the truth of each of the allegations of this paragraph. By way of further response, DuPont states that Plaintiff was employed by DuPont from January 19, 1970 through December 31, 2005.

5. DuPont admits that it is a corporation organized and existing under the laws of the State of Delaware. The remainder of the allegations of this paragraph are denied.

### The Career Transition Plan

6. The allegations of this paragraph are denied. By way of further response, DuPont states that on or about April 12, 2004, it notified Plaintiff that he may be eligible to participate in the Career Transition Plan.

7. The allegations of this paragraph are denied. By way of further response, DuPont states that the document speaks for itself.

8. The allegations of this paragraph are denied. By way of further response, DuPont states that the document speaks for itself.

9. DuPont admits that, had Plaintiff been eligible to participate in the Career Transition Plan in 2004, he would have qualified for a maximum of twelve months' salary based on his years of service with DuPont.

10. The allegations of this paragraph are denied. By way of further response, DuPont states that the document speaks for itself.

### Events Leading to the Controversy

11. DuPont incorporates herein its responses to paragraphs 1 through 10.

12. DuPont admits that Plaintiff notified DuPont on or about April 19, 2004 that he wished to participate in the Career Transition Plan. The remainder of the allegations of this paragraph are denied.

13. DuPont admits that Ms. Balderson was Plaintiff's immediate supervisor and that she informed Plaintiff that he was not eligible to participate in the Career Transition Plan due to the needs of the business. The remainder of the allegations of this paragraph are denied.

14. DuPont admits that, in April 2004, Plaintiff was working on a project relating to database improvement using new technology for color formulation in the automotive refinishing industry.

15. The allegations of this paragraph are denied.

16. DuPont admits that Plaintiff wrote to Mr. Donnelly. The remainder of the allegations of this paragraph are denied.

17. DuPont admits that Plaintiff met with Mr. Breucker as a result of his correspondence to Mr. Donnelly. The remainder of the allegations of this paragraph are denied.

18. DuPont admits that Mr. Breucker met with Plaintiff as a result of Plaintiff's letter to Mr. Donnelly. DuPont is without knowledge or information sufficient to form a belief as to the truth of the allegation that the meeting occurred in June 2004. DuPont admits that, during their meeting, Mr. Breucker mentioned to Plaintiff that he would take care of Plaintiff by recommending that Plaintiff receive a cash award for the successful completion of the database improvement project.

19. DuPont is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

20. DuPont is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21. DuPont admits that Plaintiff received a salary increase in May 2005. The remainder of the allegations of this paragraph are denied.

22. The allegations of this paragraph are denied.

23. DuPont admits that Plaintiff was among a team of people who were nominated for a DuPont Engineering Excellence Award in July 2005. The remainder of the allegations of this paragraph are denied.

24. The allegations of this paragraph are denied.

25. DuPont is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

26. DuPont admits that Plaintiff received a Global Recognition Award of $30,000 in December 2005. The remainder of the allegations of this paragraph are denied.

27. DuPont admits that Plaintiff was informed that the Global Recognition Award was given to Plaintiff in connection with his work on the database improvement project. The remainder of the allegations of this paragraph are denied.

28. The allegations of this paragraph are denied.

29. The allegations of this paragraph are denied.

## COUNT I

30. DuPont incorporates herein its responses to paragraphs 1 through 29.

31. The allegations of this paragraph are denied.

32. The allegations of this paragraph are denied.

33. The allegations of this paragraph are denied.

34. The allegations of this paragraph are denied.

## COUNT II

35. DuPont incorporates herein its responses to paragraphs 1 through 34.

36. The allegations of this paragraph are admitted, although DuPont specifically denies any inference that it failed at any time to deal fairly and in good faith with Plaintiff.

37. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

## COUNT III

38. DuPont incorporates herein its responses to paragraphs 1 through 37.

39. The allegations of this paragraph are denied.

40. The allegations of this paragraph are denied, and DuPont specifically denies the inference contained in this paragraph that it had an agreement with Plaintiff to compensate him for not participating in a CTP program.

41. The allegations of this paragraph are denied, and DuPont specifically denies the inference contained in this paragraph that it had an agreement with Plaintiff to compensate him for not participating in a CTP program.

42. The allegations of this paragraph are denied.

43. The allegations of this paragraph are denied.

44. DuPont is without knowledge or information sufficient to form a belief as to the truth of each of the allegations of this paragraph.

45. The allegations of this paragraph are denied, and DuPont specifically denies that DuPont made any representation to Plaintiff that he would be paid the value of benefits paid under the CTP Plan, even though Plaintiff remained employed by DuPont.

46. The allegations of this paragraph are denied.

## COUNT IV

47. DuPont incorporates herein its responses to paragraphs 1 through 46.

48. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

49. The allegations of this paragraph are denied.

50. The allegations of this paragraph are denied.

51. The allegations of this paragraph are denied.

52. The allegations of this paragraph are denied.

## COUNT V

53. DuPont incorporates herein its responses to paragraphs 1 through 52.

54. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

55. The allegations of this paragraph are denied.

56. The allegations of this paragraph are denied.

57. The allegations of this paragraph are denied.

58. The allegations of this paragraph are denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the statute of frauds.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are pre-empted by the Employee Retirement Income Security Act of 1974 (ERISA).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exercise administrative remedies as required under ERISA.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to benefits under the DuPont Career Transition Program pursuant to the terms of the Plan documents.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any cognizable damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages he alleges he has suffered.

### TENTH AFFIRMATIVE DEFENSE

All or part of the relief sought by Plaintiff is subject to an appropriate set-off.

WHEREFORE, DuPont respectfully requests that this Court enter judgment in its favor and against plaintiff:

(a) Dismissing the complaint with prejudice;

(b) Awarding it costs and attorneys fees; and

(c) Granting such other and further relief as the Court deems just and proper.

POTTER ANDERSON & CORROON LLP

By: <u>Kathleen Furey McDonough</u>
Kathleen Furey McDonough (I.D. 2395)
Sarah E. DiLuzio (I.D. 4085)
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Telefax: (302) 658-1192
kmcdonough@potteranderson.com
sdiluzio@potteranderson.com

*Attorneys for Defendant*
*E.I. du Pont de Nemours and Company*

Dated: February 14, 2007
770780

## CERTIFICATE OF SERVICE

I, Kathleen Furey McDonough, hereby certify that on February 14, 2007, I electronically filed true and correct copies of the foregoing ANSWER TO COMPLAINT with the Clerk of the Court using CM/ECF which will send notification of such filing, which is available for viewing and downloading from CM/ECF, and mailed via first class mail a copy to plaintiff's counsel at the following address:

>Gary A. Bryde, Esquire
>Stone Mill Office Park
>724 Yorklyn Road, Suite 100
>Hockessin, DE 19707
>
>Charles Gruver, III, Esquire
>Stone Mill Office Park
>724 Yorklyn Road, Suite 315
>Hockessin, DE 19707

>/s/ Kathleen Furey McDonough
>Kathleen Furey McDonough (I.D. 2395)
>POTTER ANDERSON & CORROON LLP
>Hercules Plaza, 6th Floor
>1313 North Market Street
>Post Office Box 951
>Wilmington, Delaware  19899-0951
>Tel:  (302) 984-6000
>E-mail: kmcdonough@potteranderson.com

770780