IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN P. GALLAGHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-47 (JJF) |
| | ) |
| E. I. DU PONT DE NEMOURS AND COMPANY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT E. I. DU PONT DE NEMOURS AND COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant E. I. du Pont de Nemours and Company ("DuPont"), by and through its undersigned counsel, hereby opposes Plaintiff's motion to remand this matter to the Superior Court of the State of Delaware. The Court has subject matter jurisdiction over this action because Plaintiff's claims arise under and relate to an employee benefits plan within the meaning of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.

BACKGROUND

Plaintiff's complaint in this matter asserts that he should have been permitted to participate in the DuPont Career Transition Program, as other allegedly similarly situated employees were, and that, in any event, he should have received the value of his benefits under that Program. *See* Complaint, ¶¶ 6-10, 12, 15, 22, 29, 32, 37, 45, 51, 57. Each of the causes of action asserted in the Complaint (*i.e.*, breach of contract, breach of the covenant of good faith and fair dealing, misrepresentation, and violation of wage payment statutes), arise out of and relate to Plaintiff's demand for the payment of severance benefits he believes he earned under the DuPont Career Transition Program. *See* Complaint, ¶¶ 32 (promise sought to be enforced "was that Gallagher would ... receive compensation commensurate with what

Gallagher would have otherwise received under the CTP"); 37 (claiming "DuPont's refusal to honor [its] promise to compensate Gallagher in accordance with the monetary value of the benefits he would have received under the CTP is a breach of DuPont's obligations of good faith and fair dealing"); 45 (claiming misrepresentation because DuPont "failed to honor [its] promises and to compensate Gallagher in accordance with the monetary value of the benefits he would have received under the CTP"); 51 ("Gallagher is entitled to double the compensation that he wrongfully failed to receive commensurate with the CTP"); and 57 ("Gallagher is entitled to liquidated damages ... of the compensation that he wrongfully failed to receive commensurate with the CTP").

Similarly, plaintiff's factual allegations describe the Career Transition Program offered by DuPont, the benefits plaintiff believes he should have received under that plan, the implementation of the plan, and DuPont's exercise of discretion under the plan. *See* Complaint, ¶¶ 6-10, 12-13, 15.

The DuPont Career Transition Program and the Career Transition Financial Assistance Plan (the "CTP") provide severance benefits to eligible participants and constitute a qualified welfare plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1002; *see also Massachusetts v. Morash*, 490 U.S. 107, 116 (1989) (noting that severance payment plans constitute employee welfare plans under ERISA).

## ARGUMENT

In general, under the well-pleaded complaint rule, federal courts have federal question jurisdiction only when a federal claim appears in the complaint. *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 271-274 (3d. Cir. 2001) (stating the Court should "look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law"). Certain federal laws, however, including ERISA, "so sweepingly occupy a field of regulatory interest that any claim brought within that field, however stated in the complaint, is in essence a federal claim." *Levine v. United Healthcare Corp.*, 402 F.3d 156, 162 (3d Cir. 2005).

In such cases, the doctrine of complete preemption provides federal jurisdiction and allows removal to federal court. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (holding suit for breach of contract that sought benefits under an ERISA plan was preempted and fell exclusively within jurisdiction of the federal courts). State law claims seeking relief within the scope of section 502(a) of ERISA are within this select group of cases where Congress has completely preempted an area of law. *Metro. Life*, 481 U.S. at 62-66; *Pryzbowski*, 245 F.3d at 271-72; *see also* 29 U.S.C. § 1144(a) (section 514(a), the express preemption provision of ERISA, provides that ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute); *Shaw v. Delta Airlines*, 463 U.S. 85, 96-96 (1983) ("A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.").

Thus, if the claim is one that falls within section 502(a) of ERISA, removal to federal court is proper. *Id.* The Supreme Court has explained that "[t]he purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes

3

expansive pre-emption provisions, *see* 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (internal quotation marks omitted). Section 502(a) of ERISA allows participants in qualified plans "to recover benefits due to [them] under the terms of [their] plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan." 29 U.S.C § 1132(a)(1)(B). Any cause of action that falls within the scope of these civil enforcement provisions is removable to federal court. *Davila*, 542 U.S. at 209.

In this case, as explained above, plaintiff has asserted various claims, all of which seek the same relief – compensation "in accordance with the monetary value of the benefits [plaintiff] would have received under the CTP." *See* Complaint, ¶¶ 37, 45. Although plaintiff has attempted to assert state law causes of action, it is clear that the relief he seeks is "to recover benefits due to [him] under the terms of [the] plan." *See* 29 U.S.C § 1132(a)(1)(B); *see also Klassy v. Physicians Plus Insurance Co.*, 371 F.3d 952, 954 (7th Cir. 2004) (holding if a claim is within the scope of Section 502(a), it is completely preempted no matter how plaintiff may have characterized it). Moreover, it is clear on the face of the complaint that plaintiff's claims will require an interpretation of the terms of the CTP to determine the eligibility criteria, the amount of discretion vested with DuPont to determine individual eligibility, and what benefits plaintiff would have received had he been eligible. *See Anderson v. DaimlerChrysler*, 2004 U.S. Dist. Lexis 23638, *4 (N.D. Ill. 2004) (denying motion to remand; plaintiff's state wage payment claim preempted by ERISA because it required an interpretation of health care plan's reimbursement requirements).

In a case with strikingly similar facts, the Eastern District of Pennsylvania found federal jurisdiction to lie. *Kostrzewski v. U.S. Steel Supply, Inc.*, 1987 U.S. Dist. Lexis 10341,

\*12 (E.D. Pa. 1987). The plaintiff in *Kostrzewski* brought suit in state court charging his former employer with breach of contract and violation of Pennsylvania's wage payment statute because it failed to pay him the severance benefits he claims to have been promised in exchange for staying on with the new company. *Id.* at \*1. The employer removed the action to federal court, citing the fact that the severance plan was governed by ERISA. *Id.* The District Court retained jurisdiction, finding that although the suit purported to raise only state law claims, "is necessarily federal in character by virtue of the clearly manifested intent of Congress." *Id.* at \*11; *see also Reedstrom v. Nova Chemicals, Inc.*, 96 Fed. Appx. 331 (6th Cir. 2004) (affirming denial of motion to remand action asserting breach of contract regarding payment of severance benefits under ERISA plan); *but see Minker v. HSB Industrial Risk Insurers*, 2000 U.S. Dist. Lexis 3121 (D. Del. 2000) (remanding case asserting state common law claims of misrepresentation where plaintiff claimed his former employer failed to properly count his vacation entitlement, and failed to inform him when he resigned that a voluntary termination program would be implemented a few months later, pursuant to which he *may* have received severance benefits).

Like the plaintiffs in *Kostrzewski* and *Reedstrom* (and unlike *Minker*), the plaintiff in this case claims that he was promised severance benefits and that his former employer failed to honor that promise. Because the severance benefits he seeks are only available by virtue of the CTP, plaintiff's claims, no matter how artfully pleaded, are in reality claims for benefits due pursuant to ERISA Section 502(a). *See Kostrzewski*, 1987 U.S. Dist. Lexis 10341 at \*12 (claim for "benefits derived from an employee benefit plan" subject to ERISA necessarily federal in character); *Reedstrom*, 96 Fed. Appx. at 334 (breach of contract claim seeking severance benefits "quite clearly" designed to enforce rights under the severance plan, invoking Section 502(a)).

5

Finally, plaintiff's reliance on *Bracken v. Matgouranis*, 296 F.3d 160 (3d Cir. 2002) is unavailing. First, it did not involve claims under ERISA, which, as explained above, is unique in terms of the breadth of its preemption. Second, the complaint in *Bracken* contained state law claims of defamation; the only federal question raised was in connection with the plaintiff's First Amendment response to an anticipated defense. *Id.* In this case, the plaintiff has affirmatively sought relief "commensurate with" an ERISA-governed employee benefit plan.

## CONCLUSION

Based on the foregoing, Defendant E. I. du Pont de Nemours and Company respectfully requests that the Court DENY Plaintiff's motion to remand.

POTTER ANDERSON & CORROON LLP

By: /s/ Sarah E. DiLuzio
    Kathleen Furey McDonough (No. 2395)
    Sarah E. DiLuzio (No. 4085)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE  19899-0951
    Telephone:  (302) 984-6000
    Telefax:  (302) 658-1192
    kmcdonough@potteranderson.com
    sdiluzio@potteranderson.com

*Attorney for Defendants*
*E.I. du Pont de Nemours and Company*

Dated: April 19, 2007
787910/20120-423

## **CERTIFICATE OF SERVICE**

I, Sarah E. DiLuzio, hereby certify that on April 19, 2007, I electronically filed true and correct copies of the foregoing OPPOSITION TO PLAINTIFF'S MOTION TO REMAND with the Clerk of the Court using CM/ECF which will send notification of such filing, which is available for viewing and downloading from CM/ECF, and mailed via first class mail a copy to plaintiff's counsel at the following address:

>Gary A. Bryde, Esquire
>Stone Mill Office Park
>724 Yorklyn Road, Suite 100
>Hockessin, DE 19707
>
>Charles Gruver, III, Esquire
>Stone Mill Office Park
>724 Yorklyn Road, Suite 315
>Hockessin, DE 19707

>By: */s/ Sarah E. DiLuzio*
>Sarah E. DiLuzio (No. 4085)
>POTTER ANDERSON & CORROON LLP
>Hercules Plaza, 6th Floor
>1313 North Market Street
>P.O. Box 951
>Wilmington, DE 19899-0951
>Telephone: (302) 984-6000
>Telefax: (302) 658-1192
>E-mail: sdiluzio@potteranderson.com
>
>*Attorney for Defendants*
>*E.I. du Pont de Nemours and Company*

787910/20120-423