IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN P. GALLAGHER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 07-47-JJF |
| | : |
| E.I. DU PONT DE NEMOURS AND COMPANY, | : |
| | : |
| Defendant. | : |

Gary A. Bryde, Esquire of GARY A. BRYDE, P.A., Hockessin, Delaware.
Charles Gruver III, Esquire of CHARLES GRUVER III, P.A., Hockessin, Delaware.

Attorneys for Plaintiffs.

Kathleen Furey McDonough, Esquire and Sarah E. DiLuzio, Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware.

Attorneys for Defendant.

**MEMORANDUM OPINION**

June 19, 2007
Wilmington, Delaware

Farnan, District Judge.

    Pending before the Court is Plaintiff's Motion To Remand (D.I. 10).  For the reasons discussed, the Court will grant Plaintiff's Motion.

## I. BACKGROUND

    Plaintiff John P. Gallagher is a former employee of Defendant E.I. du Pont de Nemours & Co.  Plaintiff attempted to participate in Defendant's Career Transition Program ("CTP"), a plan providing severance benefits to eligible participants, but was rejected when Plaintiff's supervisor informed him that he was indispensable to the company and was needed to complete a particular project before retiring.  Defendant told Plaintiff that he would be compensated upon completion of the project in lieu of taking retirement benefits under the CTP.  As a result, Plaintiff continued to work for an additional twenty months.  Upon completion of the project, Defendant paid Plaintiff $30,000 in compensation for his work.  Plaintiff alleges that he would have received $148,632.00 if he had participated in the CTP.

    On December 20, 2006, Plaintiff filed an action in the Superior Court of the State of Delaware for specific performance, breach of contract, and a claim for wages under the Wage Payment and Collection Act, 19 Del. C. § 1101 et seq., or, in the alternative, Title 43 of the Pennsylvania Code § 260.1 et seq., to enforce the terms of the agreement between the parties

2

regarding the continuation of Plaintiff's employment. On January 25, 2007, Defendant filed a Notice Of Removal to this Court. (D.I. 1). On April 5, 2007, Plaintiff filed the instant Motion To Remand. (D.I. 10).

## II. PARTIES' CONTENTIONS

By its Motion, Plaintiff contends that Defendant breached its contract and violated the state Wage Payment and Collection Act because it failed to sufficiently compensate Plaintiff upon completion of the project. Plaintiff contends that the Employee Retirement Income Security Act of 1974 ("ERISA") does not apply in these circumstances because the action is not premised on an employee benefits plan, but rather on an oral promise for adequate compensation. As a result, Plaintiff contends that there are no federal claims involved in the well-pleaded complaint and the instant action should be remanded to state court.

In response, Defendant contends that removal is proper because Plaintiff's state law claims are completely preempted by ERISA. Defendant contends that ERISA applies in the instant action because Plaintiff seeks relief in the amount Plaintiff would have received under the CTP, which is an employee benefit plan pursuant to the definitions established in 29 U.S.C. § 1002(1).

## III. STANDARD OF REVIEW

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a), which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction. 28 U.S.C. § 1441(a) (2000). The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941). A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc., 809 F.2d 1006, 1010 (3d Cir. 1987); Zoren v. Genesis Energy, L.P., 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. Steel Valley Auth., 809 F.2d at 1010.

## IV. DISCUSSION

To determine whether a case arises under federal law, courts look to the "well-pleaded complaint" rule. Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004). A defendant may not remove a

4

case to federal court unless the plaintiff's complaint contains a federal question; the existence of a federal defense does not create federal jurisdiction. Id. An exception to the well-pleaded complaint rule exists where "a federal statute wholly displaces the state law cause of action through complete pre-emption," in which case the state claim may be removed, even if pleaded in terms of state law. Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003).

ERISA falls under the exception to the well-pleaded complaint rule because it is intended to "protect ... the interests of participants in employee benefit plans and their beneficiaries" by providing for uniform regulation of the plans and remedies. 29 U.S.C. § 1001(b). As a result, ERISA preempts "any and all State laws insofar as they may ... relate to any employee benefit plan." 29 U.S.C. § 1144(a). To determine whether § 502(a) of ERISA applies to a plaintiff's state law claims, the court must determine whether those claims are "to recover benefits due ... under the terms of [the] plan, to enforce ... rights under the terms of the plan, or to clarify ... rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a); Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 356 (3d Cir. 1995).

Here, Plaintiff's Complaint alleges state law claims for breach of contract, wages, and specific performance. Thus, the

Court concludes that Plaintiff's claims are not preempted by federal law because the resolution of Plaintiff's claims does not involve the recovery of benefits due under the terms of the CTP, the enforcement of rights under the CTP, or rights to future benefits under the plan.

Specifically, the Court concludes that Plaintiff's claims do not arise under § 502(a) of ERISA because the relief sought is based on Plaintiff's work performance and not on his eligibility to participate in the CTP.  In Minker v. HSB Indus. Risk Insurers, No. 99-494-SLR, 2000 WL 291542, at *3 (D. Del. Mar. 14, 2000), the Court concluded that the plaintiff's state law claims were not preempted by ERISA where the claims were based on the defendant's conduct, which deprived the plaintiff of the right to participate in the employee benefit plan.  The Court concluded that the plaintiff did not attempt to recover benefits due to him, enforce his rights, or clarify his rights as to future benefits under the terms of an ERISA plan.  Id.; 29 U.S.C. § 1132(a)(1)(B).

Similarly, in the circumstances of this case, Plaintiff was denied the opportunity to participate in the CTP because Defendant wanted Plaintiff to continue his employment rather than retire.  Plaintiff forfeited his right to participate in the CTP and to recover benefits due under the program by agreeing to continue his employment until the completion of the project.

6

Thus, the Court concludes that Plaintiff's claims are not preempted by ERISA because Plaintiff never participated in the program, which Defendant contends is an ERISA-covered program. Accordingly, the Court concludes that federal jurisdiction is not warranted, and therefore, Plaintiff's Motion To Remand will be granted.

**V.   CONCLUSION**

For the reasons discussed, the Court will grant Plaintiff's Motion To Remand (D.I. 10).

An appropriate Order will be entered.